UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MICHAEL PHILLIPS, on Behalf of Himself and Others Similarly Situated, | ] ] ] |
| *Plaintiffs*, | ] ] |
| v. | ] ] |
| ENGLOBAL CORPORATION, | ] ] ] |
| *Defendant*. | ] ] |

CASE NO. 4:10-cv-2422

## SUPPLEMENTAL COMPLAINT

### FACTS

1.   Michael Phillips brought this collective action against ENGlobal Corporation (ENGlobal) for failing to pay overtime as required by the Fair Labor Standards Act (FLSA). Dozens of field service workers joined the case.

2.   These workers were employed by ENGlobal's inspection services division.

3.   From May 2008 until March 2011, Randy Byers was vice president and general manager of ENGlobal's inspection services division. He had the power to hire and fire field service workers at ENGlobal.

4.   Randy Byers implemented a policy against hiring employees who joined this overtime lawsuit.

5.   For example, Jackie Martin joined this case on November 23, 2010. He called ENGlobal looking for work in early 2011 and spoke to Randy Byers.

6. Mr. Byers believed Mr. Martin's work at ENGlobal had been acceptable. Mr. Byers states Mr. Martin is eligible for hire at Mr. Byers' new company.

7. However, Randy Byers believes Mr. Martin made "a mistake as regards to working at ENGlobal by joining the lawsuit."

8. Mr. Byers did not hire Mr. Martin at ENGlobal. Mr. Byers stated Mr. Martin would never work for ENGlobal again because ENGlobal would not hire anyone who had joined the lawsuit. As Mr. Byers puts it: "That was the policy."

9. Mr. Martin did not find work until several months later.

10. Making matters worse, Mr. Byers emailed a copy of the list of workers in the ENGlobal lawsuit to another company in the industry. Mr. Byers claims this company also refused to hire workers who joined an overtime lawsuit. He admits forwarding the list of workers in this case "very well could" have resulted in the workers being "blacklisted" at this additional company.

11. Other workers who joined this lawsuit, including but not limited to Jimmy Armstrong, Kevin Burch, Albert Livingston, Michael Phillips, and Ralph Robertson, were injured as a result of ENGlobal's "no rehire" policy. All workers joined this lawsuit, sought rehire, and were denied a job (in whole or in part) because of their participation in this lawsuit. All of these workers suffered damages as a result.

## CAUSE OF ACTION: RETALIATION UNDER THE FLSA

12. Phillips incorporates the preceding paragraphs.

13. Phillips brings his claims for retaliatory discharge on behalf of himself and others similarly situated.

14. As described above, Phillips and those similarly situated to him: (1) engaged in protected activity under the FLSA; (2) suffered an adverse employment action by ENGlobal; and (3) a causal connection exists between their protected activity and ENGlobal's adverse employment action.

15. ENGlobal's "no rehire" policy violated the anti-retaliation provision of the FLSA. *See* 29 U.S.C. § 215(a)(3).

16. ENGlobal is liable to Phillips and those similarly situated for the lost wages resulting from ENGlobal's retaliatory acts. 29 U.S.C. § 216(b).

17. ENGlobal is liable to Phillips and those similarly situated for an equal amount in liquidated damages. 29 U.S.C. § 216(b).

18. Phillips and those similarly situated retained are entitled to recover all reasonable attorneys' fees and costs incurred in this action. 29 U.S.C. § 216(b).

19. Further, the Court should enter an injunction against all persons necessary to effectuate the purposes of the FLSA's anti-retaliation provisions. 29 U.S.C. § 216(b).

## PRAYER

Phillips requests judgment awarding him and those similarly situated:

1. Their lost wages incurred by reason of ENGlobal's retaliatory acts;

2. An equal amount as liquidated damages;

3. Reasonable attorney's fees, costs, and litigation expenses;

4. Post judgment interest at the highest rate allowed by law;

5. An appropriate injunction against future violations; and

6. Such other and further relief as may be permitted or required by law.

Respectfully submitted,

**BRUCKNER BURCH PLLC**

By: **/s/ Rex Burch**
_____
Richard J. (Rex) Burch
S.D. Tex. No. 21615
Texas Bar No. 24001807
*Attorney-In-Charge for Plaintiffs*
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
Telephone: (713) 877-8788
Telecopier: (713) 877-8065
rburch@brucknerburch.com

Derrick G. Earles (La#29570)
**BRIAN CAUBARREAUX & ASSOCIATES, LLC**
144 W. Tunica Drive
Marksville, Louisiana 71351
Telephone: (318) 253-0900
Facismile: (318) 253-5666
digger@caubarreaux.com

# CERTIFICATE OF SERVICE

On December 1, 2011, I served this document on all counsel by ECF.

**/s/ Rex Burch**
_____
Richard J. (Rex) Burch